```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
      EASTERN DIVISION
```

FILED

MAR 11 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

Plaintiff,

v.

IVAN K. PARKER,

Defendant.

Case No. 18CR495

Honorable Sara Lee Ellis

EVIDENTIARY HEARING REQUESTED

### DEFENDANT'S MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE

COMES NOW the Defendant, IVAN K. PARKER, respectfully before this Honorable Court. Defendant moves the Court pursuant to the Fourth Amendment to the Constitution of the United States to quash his unlawful arrest, and suppress any, and all, evidence obtained therefrom as "the 'fruit' of official illegality", Wong Sun v. United States, 371 U.S. 471, 485 (1963). In support thereof, defendant offers the following particulars:

1. "We find that, as to the Federal Government, the Fourth and Fifth Amendments and, as to the States, the freedom from unconscionable invasions of privacy and the freedom from convictions based upon coerced confessions do enjoy an 'intimate relation' in their perpetuation of 'principles of humanity and civil liberty [secured] ... only after years of struggle,' Bram v. United States, 168 U.S. 532, 543, 544 (1897). They express 'supplementing phases of the same constitutional purpose-to maintain inviolate large areas of personal privacy.' Feldman v. United States, 322 U.S. 487, 489, 490 (1944).

The philosophy of each Amendment and of each freedom is complementary to, although not dependent upon, that of the other in its sphere of influence-the very least that together they assure in either sphere is that no man is to be convicted on unconstitutional evidence. Cf. Rochin v. California, 342 U.S. 165, 173 (1952). Moreover, our holding that the exclusionary rule is an essential part of both the Fourth and Fourteenth Amendments is not only the logical dictate of our prior cases, but it also makes very good sense. There is no war between the Constitution and common sense." Mapp v. Ohio, 367 U.S. 643, 657 (1961). Furthermore, the Supreme Court held in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) that a violation of the Fourth Amendment's command against unreasonable searches and seizures, by a federal agent acting under color of federal authority, gave rise to a federal cause of action for damages consequent upon the agent's unconstitutional conduct.

2. Defendant respectfully incorporates by reference the factual allegations presented in his accompanying 'Motion To Suppress Identification', because without more, the FBI has illegally seized and searched defendant's person and property without probable cause. Put differently, without a positive identification by any individual who was present when the alleged crime occurred the FBI proceeded to arrest defendant by force at 4246 West Cermak Road, Chicago, IL, 60623 and searched defendant's residence without a warrant nor consent to do so. Defendant's girlfriend immediately objected to the intrusion of their home, and demanded (and still demands) a search warrant justifying the horrible invasion of their property. Defendant now joins his girlfriend in her objection, and seeks that the Court exclude

all evidence derived therefrom. Actually, in the Criminal Complaint filed by the same FBI agent against defendant's girlfriend, agent Gourley falsifies that a search warrant was issued by this Court on August 10, 2018 authorizing the search of defendant's residence. See Case No. 18CR496, Criminal Complaint, Page 2, Id. at section. In fact, to date defendant's girlfriend, nor defendant have been served a copy of a valid Warrant. It should also be noted, the date on the Criminal Complaint signed by Magistrate Judge Maria Valdez, is August 13, 2018-three days after the unlawful search and seizure of defendant's home and person. Additionally, "[t]he FBI cleared the Subject Premises for additional persons [besides defendant's girlfriend], and no one else was inside the Subject Premises." Case No. 18CR496, Criminal Complaint, Page 2, Id. at section 6. Accordingly, if the FBI had a positive identification of defendant, and defendant was not present in the "Subject Premises", what basis was there for the FBI to be "trawl[ing] for evidence with impunity"? Florida v. Jardines, 569 U.S. 1, 13 (2013). The answer is there was no valid basis, as there was no search warrant signed by a Judge authorizing the search. No exigent circumstances can be pled by the government either, the alleged robbery took place on July 27, 2018, the unreasonable search and compromise of defendant's personal security took place on August 10, 2018, and the Criminal Complaint was filed on August 13, 2018. The law of property "naturally enough influence[s]" our "shared social expectations" of what places should be free from governmental incursions. Georgia v. Ramdolph, 547 U.S. 103, 111 (2006); see Rakas v. Illinois, 439 U.S. 128, 143, n.12 (1978).

3. Pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case. The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause. That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong-when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements. Then, too, a person is confined without constitutionally adequate justification. Legal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable-cause requirement. Manuel v. City of Joliet, 137 S. Ct. 911, 918-919 (2017). A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief. United States v. Hamm, 786 F.2d 804, 807 (7th Cir. 1986). A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact. United States v. Randle, 966 F.2d 1209, 1212 (7th Cir. 1992); United States v. Rollins, 862 F.2d 1282, 1291 (7th Cir. 1988)(citing Nechy v. United States, 665 F.2d 775, 776 (7th Cir. 1981)), cert. denied sub nom., Slaughter v. United States, 490 U.S. 1074 (1989). Defendant respectfully asserts that the facts presented in this motion are material facts, that are disputed by the government's prior submissions to the Court, and will continue to be disputed by the government until the close of a full-blown evidentiary hearing. Accordingly, defendant requests a hearing at the earliest possible opportunity so he and his counsel may cross-examine the relevant witnesses before this Honorable Court.

WHEREFORE defendant prays and seeks the Court grant this motion and the relief requested pursuant to the Fourth Amendment to the Constitution of the United States for the above stated also foregoing reasons. Defendant thanks the Court for it's time and review.

Respectfully Submitted,

x*Ivan Parker*--------------------

IVAN K. PARKER
71 West Van Buren Street
Chicago, Illinois 60605

5

Ivan K. Parker
USMS No. 52193-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

Special Mail

Clerk's Office
219 South Dearborn Street
20th Floor
Chicago, Illinois 60604



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  METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the materiel for further information or clarification. If the writer encloses correspondence for forwarding another addressee, please return the enclosure to the above address.≅

Date: 03-08-2019