FILED

MAR 11 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

IVAN K. PARKER,

Defendant.

Case No. 18CR495

Honorable Sara Lee Ellis

DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION
-------------------------------------

COMES NOW the Defendant, IVAN K. PARKER, respectfully before the Court. Defendant moves the Court pursuant to the Fifth Amendment's Due Process Clause to suppress the law enforcement identification of defendant made in this case. In support thereof, defendant offers the following particulars:

1. Due process forbids law enforcement from using an "identification procedure that is both suggestive and unnecessary." Perry v. New Hampshire, 565 U.S. 228, 239 (2012). Even when such a procedure is used, suppression of the identification is not the inevitable result. Id. Suppression follows "only when there is a very substantial likelihood of irreparable misidentification ... ." United States v. Johnson, 745 F.3d 227, 229 (7th Cir. 2014)(citation and quotation omitted). To determine whether a specific identification procedure offends due process, the Seventh Circuit follows a two-prong approach: (1) we consider whether the defendant has established that the procedure was "both suggestive and unnecessary[;]" and, if so, (2) the Seventh Circuit examines "the 'totality of the

circumstances' to determine whether other indicia of reliability outweigh the corrupting effect of law enforcement suggestion." United States v. Sanders, 708 F.3d 976, 983-984 (7th Cir. 2013). Once again, "[t]he primary evil to be avoided," in the words of the Supreme Court, "is a very substantial likelihood of irreparable misidentification." Neil v. Biggers, 409 U.S. 188, 198 (1972); see also, United States v. Donaldson, 978 F.2d 381, 385 (7th Cir. 1992).

2. According to the 'Criminal Complaint', which was incorporated into the grand jury proceedings that returned the indictment against defendant, "Victim A gained access to the vestibule and viewed multiple customers inside the vestibule. Victim A recalled that one of the customers was a black male, approximately mid to late 20s/early 30s, approximately 6'0 - 6'2, thin build, wearing a black baseball hat, black sunglasses, black jacket, black or camouflage pants, no gloves, and black gym shoes. Law enforcement later identified this person as PARKER." Criminal Complaint, Page 2, section 7., through Page 3, section 8. Furthermore, "[o]n August 8, 2018, a sequential photographic array was conducted with Victim A. Victim A identified the photograph that depicted PARKER, but Victim A stated that he was not 100% sure in his selection." Criminal Complaint, Page 6, section 16. Aside from the above stated unreliable information contained in the Criminal Complaint, which must also have been presented to the grand jury, the law enforcement agency prosecuting the case, the FBI, has made the sole identification of defendant. Law enforcement clearly has an interest in prosecuting someone for the alleged crime, and thus has no business identifying a suspect that the only witness with personal knowledge could not.

What's more, the FBI, with all of its resources, does not point to any clear photographic evidence obtained from surveillance cameras in the area to support it's purported identification of defendant. Basically, Victim A said he was not "100% in his selection," and the FBI said we'll take it from here and try to make it stick. In a similar vein, Victim A was the only face-to-face individual with the suspect, and for Victim A to be unsure about his selection, does not create standing for the FBI to fill in the gaps because it wants to prosecute defendant. Lastly, Victim A needs to be examined under oath at the earliest possible opportunity to determine what the FBI's "sequential photographic array" actually entailed, and what the totality of the circumstances were surrounding that array. Specifically, defendant respectfully requests an evidentiary hearing on this motion, and an order compelling production of any, and all, original audio/video recordings of Victim A's participation in the "sequential photographic array" at the earliest possible time.

WHEREFORE defendant prays this Honorable Court grant this motion and the relief requested by suppressing the law enforcement identification of defendant made in this case, as a matter of law, for the above stated also foregoing reasons. Defendant thanks the Court for it's time and review.

Respectfully Submitted,

x_____*Ivan Parker*_____

IVAN K. PARKER
71 West Van Buren Street
Chicago, Illinois 60605

Ivan K. Parker
USMS No. 52193-424
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, Illinois 60605

Special Mail



03/11/2019-49

Clerk's Office
219 South Dearborn Street
20th Floor
Chicago, Illinois 60604

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

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN STREET
CHICAGO, IL 60605

The enclosed letter was processed through special mailing procedures for forwarding to you. This letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the materiel for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Date: 03-08-2019