## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 18 CR 495 |
| v. | ) | Honorable Sara Ellis |
| | ) | |
| IVAN PARKER, | ) | |
|     Defendant. | ) | |

## SUPPLEMENTAL MOTION TO SUPPRESS IDENTIFICATION EVIDENCE

NOW COMES the defendant, IVAN PARKER, by and through his attorney, QUINN A. MICHAELIS and respectfully requests to supplement to the pro se Motion to Suppress Identification filed by the defendant at Docket #173.

### Background

On October 17, 2018, Ivan Parker was charged by indictment with Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).

The indictment was the result of a robbery of a Loomis guard who was robbed as he was servicing an ATM inside the vestibule of a Chase Bank located at 3856 West 26th Street, Chicago Illinois. The robbery occurred on July 27, 2018. According to a police report prepared after the robbery, robber a male Hispanic (dark skinned) or a male black, 25-30 years old, with facial hair, wearing a black cap, a black zip up jacket and black pants. No suspect was arrested directly after the robbery occurred.

On August 8, 2018, Special Agent Shannon McDaniel prepared a photo lineup (See Exhibit 1) to show to the Peter Sarnecki, the Loomis guard who had serviced the ATM during the robbery. The photo lineup consisted of 6 "headshot" photographs of potential suspect. Included in the photo lineup was a photo of PARKER. The procedures for the photo array are attached, and were presented to Mr. Sarnecki before viewing the photos. (See Exhibit 1). According to the report prepared at the time the photo array was administered, Mr. Sarnecki was unable to identify anyone as the suspect after viewing the entire array sequentially two times.

At some point Mr. Sarnecki said that the person in the third photograph looked like the person who had robbed the bank, but he was not 100% sure. He then explained to the agent that the incident happened very quickly and that he had only seen the individual out of the corner of his eye before the robbery occurred. He further explained that he had seen surveillance photographs in the Chicago Sun Times and that the person depicted in those photographs was the individual who had robbed the ATM.

## Argument

Testimony regarding the identification of a defendant is admissible if the identification is reliable. However, identification testimony can violate a defendant's constitutional right to due process of law when it creates a substantial likelihood of irreparable misidentification. *Stova v. Denno* 388 U.S. 393, 301-302(1967). To determine the constitutionality of an identification procedure, the court must first determine if the identification procedures were unduly suggestive.

*United States v. Traeger*, 289 F.3d 461 (7th Cir. 2002). Next, the court must determine, under the totality of the circumstances, whether the identification was sufficiently reliable to prevent misidentification. *Id*. at 473. The court considers the following factors in assessing the identification procedures:

> (1)The opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.
> *Neil v. Biggers,* 409 U.S. 188, 199-200 (1972).

Under the totality of the circumstances, the identification by Peter Sarnecki was not sufficiently reliable to prevent misidentification. In Mr. Sarnecki's statement to the police

According to the report accompanying the lineup, Mr. Sarnecki stated that the after viewing the third photograph in the array, that the individual who robbed the bank looked a lot like the person depicted in the third photograph, but was not 100% sure that person was the person who committed the robbery. Sarnecki went on to explain that the incident happened very quickly, and he just saw the person out of the corner of his eye. He then explained that he had seen pictures in the Chicago Sun Times taken from video surveillance of the robbery and he believed that the person depicted in those surveillance photos was the person who committed the robbery. His statements at the time of the identification procedure, coupled with Mr. Sarnecki's report at the time of the robbery that the suspect was wearing a black cap, further impeded his ability to observe the suspect with sufficient

reliability. As such, the identification of PARKER by Peter Sarnecki is not sufficiently reliable to prevent misidentification and should be suppressed.

WHEREFORE for the foregoing reasons, the defendant requests that this Honorable Court suppress from introduction into evidence in this cause all testimony regarding the pre-trial identification of IVAN PARKER by Peter Sarnecki, or in the alternative, to hold an evidentiary hearing on this matter.

Respectfully submitted,

/s/Quinn A. Michaelis

Quinn A. Michaelis
Attorney for IVAN PARKER
73 W. Monroe, Suite # 106
Chicago, Illinois 60601
312-714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019, I electronically filed the above

## SUPPLEMENTAL MOTION TO SUPPRESS IDENTIFICATION EVIDENCE

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on April 2, 2019

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney for IVAN PARKER
73 W. Monroe, Suite # 106
Chicago, Illinois 60601
312-714-6920