UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | **18 CR 495** |
| v. | ) | Honorable Sara L. Ellis |
| | ) | |
| IVAN PARKER, | ) | |
|     Defendant. | ) | |

### DEFENDANT IVAN PARKER'S MOTION IN LIMINE

**NOW COMES** Defendant, IVAN PARKER ("Mr. Parker") by and through his attorney Quinn A. Michaelis, and respectfully moves this Court to exclude certain evidence of firearms and controlled substances from use at trial.

A search warrant was executed at 4244 W. Cermak, Apartment 2ER, Chicago, Illinois, on August 10, 2018. During the search of the apartment, agents discovered a firearm and controlled substances. Mr. Parker was not present during the execution of the search warrant and was discovered later in a different apartment at the Cermak address. Felicia Brinson, the lessee of apartment 2ER, was present at the execution of the search warrant and admitted ownership of both the firearm and the controlled substances. She was subsequently charged for possession of both in case number 18 CR 496 and has since plead guilty to the possession of both items.

Mr. Parker is not charged with the possession of a firearm in this case, nor is he charged with any controlled substance violations. Showing evidence of either the firearm or the controlled substances has no probative value to the charged offense, which is a Hobbs Act robbery. The only value that admission of the controlled substance evidence has to the government's case is the hope that if the jury is confronted with this type of evidence, they will feel revulsion for the defendant for associating with someone who possessed control substances or firearms. Furthermore, with

respect to the firearm, it raises the potential that the jury will convict Mr. Parker out of confusion that Mr. Parker himself is connected with the firearm. There is some indication that a firearm was used by the ATM robber, therefore there is a significant danger that the jury will be confused into thinking that the firearm possessed by Felicia Brinson was the firearm used in the robbery, particularly where there is no other evidence indicating that Felicia Brinson's firearm was the firearm used in the robbery. Since the presentation of this evidence has no apparent probative value, that value is clearly outweighed by the significant prejudicial impact of firstly, an increased likelihood that the jury will become confused about the connection this firearm has to the charged robbery, and secondly, the revulsion created by seeing controlled substances and guns, which are not charged in the indictment. Therefore, the admission of both the controlled substances and the firearm violates Fed. R. Evid. 403.

Furthermore, Mr. Parker is not charged with a firearm offense. He is charged with a Hobbs Act robbery. The admission of this firearm, that has never been connected to Mr. Parker do not aid in the government's burden of proving that the robbery was committed by Mr. Parker. Therefore, the firearms and the controlled substances must be excluded under Fed. R. Evid. 402 and 403.

Respectfully Submitted,

s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney for Ivan Parker
73 W. Monroe, Suite 106
Chicago, IL 60603
312-714-6920

# CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019 I electronically filed the above

**DEFENDANT IVAN PARKER'S MOTION IN LIMINE**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on September 20, 2019.

By His Attorney,
s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney For IVAN PARKER
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920