UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IVAN PARKER | No. 18 CR 495<br><br>Honorable Sara L. Ellis |

### GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*[1]

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully files its "Consolidated Motions *in Limine*" and states as follows:

### BACKGROUND

Defendant is charged with one count of obstructing, delaying, and affecting commerce by robbery, in violation of Title 18, United States Code, Section 1951(a). More specifically, on July 27, 2018, at approximately 6:59 a.m., defendant robbed an armed guard/ATM technician employed by Loomis Armored U.S., while the victim was servicing a Chase Bank ATM, located at 3856 West 26th Street, Chicago, Illinois. The loss was approximately $106,335. Trial is scheduled for November 4, 2019.

**I.    MOTION TO PERMIT IMPEACHMENT OF DEFENDANT WITH PRIOR CONVICTION**

The government respectfully moves this Court to permit the government to impeach defendant with his prior convictions, if defendant testifies. In the event defendant testifies, his credibility will be a central issue at trial. Defendant may

---

[1] The government further moves *instanter* for permission to file this motion, which exceeds 15 pages. This consolidated motion raises multiple issues, each of which could have been filed separately. For purposes of efficiency and ease of reference, the government has filed its motions *in limine* in a single document. No single motion herein exceeds the 15-page limit as imposed by the Local Rules.

dispute his commission of the robbery and the other witnesses' versions of events, or he may give some other explanation for why he should be acquitted. The jury is entitled to evaluate the credibility of defendant's testimony in light of his prior felony convictions. The importance of defendant's testimony and the centrality of his credibility outweigh any prejudicial effect and permit proper impeachment as contemplated by the Federal Rules of Evidence.

Federal Rule of Evidence 609(a) states that evidence of defendant's prior felony convictions within the past 10 years must be admitted if the Court determines that the probative value of the evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a); *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (six prior felony convictions permitted to impeach defendant); *see also United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993) (four prior felony convictions permitted to impeach defendant). The defendant has a conviction that falls within ten years as calculated by the rule: on or about August 9, 2012, in case number 11CR1297601, defendant was convicted of felon in possession of a firearm and sentenced to seven years of imprisonment.[2]

Application of the five-part balancing test for admission of prior felony convictions weighs in favor of allowing impeachment on these convictions. To determine whether the probative value of a conviction outweighs its prejudicial effect, the Court considers: (1) the impeachment value of the prior crime; (2) the point in

---

[2] Defendant has three additional felony convictions that fall outside the 10-year window, and the government is not seeking to impeach the defendant with the older convictions.

2

time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue. *Montgomery*, 390 F.3d at 1015 (collecting cases).

With respect to the first factor, defendant's felony conviction will have a significant impeachment value if defendant testifies. Regarding the second factor, the prior conviction occurred in 2012, but defendant's parole was not discharged until on or about January 18, 2018. The defendant's history weighs in favor of admissibility because it goes directly to the defendant's credibility.

The third factor of the balancing test—the similarity of the past crimes and the charged crime—generally requires caution on the part of the district court. *See United States v. Hernandez*, 106 F.3d 737, 740 (7th Cir. 1997). Here, the government does not intend to elicit the nature of the prior conviction[3]— felon in possession of a firearm. The government intends only to elicit the fact of the prior felony conviction. Moreover, limiting instructions can sufficiently temper the risk that jurors might use the impeachment for impermissible purposes. *Montgomery*, 390 F.3d at 1016; *Hernandez*, 106 F.3d at 740; *Nururdin*, 8 F.3d at 1192 (limiting instruction cured prejudicial effect).

Most significantly, the fourth and fifth factors of the balancing test overwhelmingly support the admission of the conviction for the limited purpose of

---

[3] The government reserves the right to seek the admission of the specific nature of defendant's prior felony conviction if his testimony includes any statement that can be impeached by such evidence, and defendant thereby "opens the door" to its admission.

3

impeaching defendant's credibility. If "conflicting accounts" are offered by defendant and the government's witnesses, the credibility of defendant becomes the central issue in the trial. *Montgomery*, 390 F.3d 1016 (quoting *Nururdin*) (district court correctly recognized that defendant's credibility was central and impeachment with prior conviction was proper); *see also United States v. Gant*, 396 F.3d 906, 909-10 (7th Cir. 2005) (given defendant's theory that he possessed a pipe, not a gun, his credibility was crucial and therefore impeachment with 8-year old conviction for drug crime was proper). The jury is entitled to have full and fair information in order to determine whether the defendant is telling the truth, and this Court should permit the jury to have that information and allow the government to impeach defendant with his prior conviction.

Accordingly, if defendant testifies, the government should be permitted to impeach him with the prior conviction listed above.

## II. MOTION TO BAR EVIDENCE OR ARGUMENT RELATED TO PENALTIES FACED BY DEFENDANT

The government respectfully moves this Court to preclude defendant from introducing evidence, making argument about, or otherwise mentioning the potential penalties faced by defendant, if convicted.

The Seventh Circuit has unequivocally held that "arguing punishment to a jury is taboo." *See e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *vacated in part on other grounds*, 526 U.S. 813 (1999); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327

4

(7th Cir. 1991) ("[T]he sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court.").

Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 114 S.Ct. 2419, 2224 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"). Furthermore, mention of the potential penalties faced by defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial."); *United States v. Patterson*, No. 95 Cr 242, 1996 WL 54237, at *1 (N.D. Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification).

Accordingly, any evidence or argument related to the potential penalties faced by the defendant, if convicted, whether they invoke a specific reference to years or months of imprisonment, or general arguments and statements regarding the defendant's loss of liberty or freedom such as "the defendant is on trial for his life" or "the defendant's freedom hangs on the outcome of the jury's decision," should be prohibited.

### III. MOTION TO BAR FORMS OF ARGUMENT OR EVIDENCE DESIGNED TO ELICIT JURY NULLIFICATION

The government respectfully moves this Court to preclude defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Laguna*, 693 F.3d 727, 730-31 (7th Cir. 2012) (district court properly excluded evidence because, among other reasons, it had the potential to invite nullification); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."), citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988), and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *see also, United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'"), quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983); *see generally*, *Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *Sepulveda*, 15 F.3d at 1190 ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of

6

nullification."); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath").

Although the government is unable to anticipate each form of "jury nullification" argument or evidence that defendant may seek to interject into this trial, the government notes at least the following common examples of jury nullification.

### A. Claims of Selective or Vindictive Prosecution

The government seeks to bar any evidence or claims of an improper prosecution, such as selective or vindictive prosecution. These claims provide no defense to the criminal charges, and are not relevant to the merits of the charge.

As the Supreme Court has plainly stated, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Accordingly, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and, thus, properly excluded from trial. *United States v.*

7

*Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument").

Because claims of alleged misconduct on the part of the prosecutor or investigating agents are irrelevant to the merits of criminal cases, suggesting to the jury that alleged misconduct provides a basis for acquittal is an invitation for the jury to nullify. Because such allegations are irrelevant to the jury's decision, and serve no purpose other than to distract the jury from legally relevant matters, they merely invite the jury to acquit the defendant without regard to admissible evidence. To the extent defendant wishes to raise these issues, he must raise them with the Court, not the jury. *See United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (finding that "the issue of selective prosecution is one to be determined by the court"); *United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (finding claims of selective prosecution must be raised before trial). To date, defendant has filed no pretrial motions claiming selective or vindictive prosecution, the only proper way of resolving such a claim. Accordingly, evidence and argument at trial related to these issues, in any form, should be barred by the Court as an attempt at jury nullification.

      **B.**    **Argument or Evidence of "Outrageous Government Conduct"**

Similar to arguments related to selective prosecution, the Court should preclude any evidence or argument related to so-called "outrageous government conduct." The Seventh Circuit repeatedly has held that "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) (citation omitted).

8

There is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (internal citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id.* at 1347. In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions *in limine* "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 90 CR 1044, 1991 WL 236492, at *3 (N.D. Ill. Aug. 13, 1991); *see also United States v. Finley*, 708 F. Supp. 906, 913-14 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation"); *United States v. Boender*, No. 09 CR 186-1, 2010 WL 811296, at *3 (N.D. Ill. March 3, 2010) ("The Seventh Circuit does not recognize an outrageous government conduct defense: the doctrine is more than moribund-it is stillborn because it never had any life; and it certainly has no support in the decisions of this court, which go out of their way to criticize the doctrine.").

The impropriety of arguing allegations of governmental misconduct to the jury is twofold. One, the "outrageous government conduct" argument affords no defense to

9

a criminal prosecution as a matter of law. *See United States v. Sherman*, 268 F.3d 539, 549-550 (7th Cir. 2001) (providing "defense of outrageous government conduct does not exist in this circuit"); *see also United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). The Seventh Circuit in *Boyd* held that "outrageous government conduct" is no defense to a criminal charge, and thus the jury should not be exposed to these irrelevant allegations. *Id.* Two, even before the *Boyd* decision, the Seventh Circuit held that the issue of government misconduct was a matter of law for determination by the court: "[T]he issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question).

Accordingly, the government moves to bar the defense from introducing evidence or argument of outrageous government conduct. Should the defendant plan to elicit evidence or argue during his opening statement or closing argument that the government's conduct was somehow outrageous, wrong, or inappropriate, the government contends that he must first address the matter to the Court beforehand because it is a matter for the Court, and not the jury, to decide. *See United States v. Bontkowski*, 865 F.2d 129, 132 (7th Cir. 1989) (providing that, if the outrageous government conduct defense exists, "it is for the trial court, not the jury, to decide whether government conduct is so outrageous that due process bars the use of the judicial system to obtain a conviction.").

### C. Argument or Questioning about the Motivation for Investigating or Prosecuting this Case

The government moves to preclude evidence or argument by the defense regarding the government's and the investigating agency's motivations for prosecuting the case, including subjective motivations of the agents. Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *Johnson*, 605 F.2d at 1030; *see also United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). Inquiries regarding the subjective intentions or motivations of a government agent are irrelevant when making the factual determination of defendant's guilt or innocence. *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *Katz*, 1992 WL 137174, at *7 (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case").

Accordingly, the government moves to preclude evidence or argument by the defense regarding the government's and the agency's subjective motivations for investigating or prosecuting the instant case.

### IV. MOTION TO PRECLUDE REQUESTS FOR OR COMMENTARY CONCERNING DISCOVERY IN THE PRESENCE OF THE JURY

The government respectfully moves this Court to preclude defendant from requesting discovery, moving the Court for discovery, or otherwise commenting on

11

discovery matters in the presence of the jury. Addressing discovery issues in front of the jury is inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. Discovery requests by the defendant, if appropriate, can easily be made to the government or the Court outside the presence of the jury with no prejudice to either side. See, e.g., *United States v. Gray*, No. 07 CR 166, 2010 WL 1258169, at *3 (N.D. Ind. Mar. 26, 2010) (granting government's motion to preclude the defense from requesting or commenting on discovery in the presence of the jury).

V. **MOTION TO PRECLUDE COMMENTS REGARDING EVIDENTIARY RULINGS**

The government respectfully moves this Court to preclude counsel from referring to excluded evidence or commenting on the Court's evidentiary rulings in front of the jury. There is no legitimate reason for counsel to comment to or in front of the jury about legal rulings made outside the jury's presence. In addition, it is improper for counsel to comment on evidence the Court has excluded, suggest that excluded evidence would have affected the jury's analysis had only the Court admitted it, or otherwise make statements intended to get evidence before the jury that counsel is not entitled to offer. *See Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008) (holding that comments during opening statement on excluded evidence were improper); *Solles v. Israel*, 868 F.2d 242, 245 (7th Cir. 1989) (criticizing prosecutor's "improper remarks in front of the jury including commenting on excluded evidence" as part of a "litany of errors and improprieties"). Indeed, such comments are irrelevant to whether, on the basis of the evidence presented, the prosecution has proven its case beyond a reasonable doubt. The jury is not allowed to speculate on

12

evidence it has not heard. Counsel may argue the propriety of evidence in motions *in limine*. Once the Court has ruled, however, the matter is concluded and counsel are not free to decide for themselves what evidence is actually admissible. *Rutledge v. Cook County*, No. 06 C 6214, 2009 WL 3187904, at *6 (N.D. Ill. Sept. 30, 2009).

VI. **MOTION TO PRECLUDE ARGUMENT EXPLAINING OR DEFINING REASONABLE DOUBT**

The government respectfully moves this Court to preclude defense counsel from explaining or defining reasonable doubt. Reasonable doubt is a term that should not be defined by the parties. *See, e.g.*, *United States v. Hatfield*, 590 F.3d 945, 949 (7th Cir. 2010); *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997) ("The law is clear in this circuit that it is improper for attorneys to attempt to define the term [reasonable doubt]"). Although the defendant may argue that the government bears the burden of proving his guilt beyond a reasonable doubt, neither party should be permitted to define that term for the jury. *United States v. Glass*, 846 F.2d 386, 386 (7th Cir. 1988) ("Trial counsel may argue that the government has the burden of proving the defendant's guilt 'beyond a reasonable doubt,' but *they may not attempt to define 'reasonable doubt.'*") (emphasis in original); *see also* Committee Comment to Seventh Circuit Pattern Criminal Jury Instruction 1.04.

VII. **MOTION TO PRECLUDE ALLEGATIONS OF WITNESS WRONGDOING NOT RESULTING IN A CONVICTION AND NOT INVOLVING DISHONESTY**

The government respectfully moves this Court to preclude defense counsel from alleging witness wrongdoing not resulting in a conviction and not involving dishonesty, which are not admissible under Rule 403, Rule 608(b), or Rule 609. "

13

### A. Arrests or Conduct Not Resulting in Conviction

By its express terms, Rule 609 permits evidence only of convictions, not arrests.[4] Any marginal relevance of such arrests is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. If the jury is presented with references to or evidence of the witness's arrests, the jury may improperly conclude that: (a) it need not give the same weight to the witness's testimony as it would to witnesses who have not been arrested; (b) the victims were convicted of/guilty of the crimes for which they were arrested; or (c) that the victims were not in fact victims because they have criminal histories. Any of these conclusions would be improper and would cause undue prejudice to the government's case.

Nor are arrests or ramifications short of conviction admissible under Fed. R. Evid. 608(b). Rule 608(b) provides that specific instances of past conduct may be inquired into on cross-examination if and only if they concern the witness's character for truthfulness. Courts have construed Rule 608(b) to restrict cross-examination on prior arrests absent special facts bearing on the witness's character for the specific trait of truthfulness. *See Cruz v. Safford*, 579 F.3d 840, 844-45 (7th Cir. 2009) (upholding exclusion of prior arrests because they had no bearing on truthfulness); *United States v. Mitchell*, 502 F.3d 931, 967 (9th Cir. 2007) (upholding exclusion of

---

[4] More specifically, Rule 609 allows for the admission of a witness's felony conviction for purposes of impeachment under certain specified circumstances. Under the Rule, "[f]or the purpose of attacking the credibility of a witness, evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted. . . ." Fed. R. Evid. 609.

14

prior theft, not resulting in a conviction, because it has no bearing on truthfulness); *United States v. McCarroll*, No. 95 CR 48, 1996 WL 99442, at *12 (N.D. Ill. Mar. 4, 1996) (excluding arrests for battery and theft and stating that, "[i]n general, arrests and charges which did not lead to a conviction cannot be used for impeachment."). Even then, defendant should be limited to inquiring only about the specific conduct that relates to truthfulness, and should not be permitted to elicit that the witness was arrested for such conduct. *See Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 626 n.7 (7th Cir. 2003).

    **B.    Misdemeanor Convictions.**

Similarly, the Court should preclude cross-examination regarding misdemeanor convictions of the witnesses that are not probative of truthfulness. Rule 609(a)(2) allows the party to impeach a witness using a misdemeanor conviction, but only if "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Even then, these past instances may not be proved by extrinsic evidence. See Fed. R. Evid. 608(b). Under Rule 608(b), the defense also may impeach the witness using a misdemeanor conviction, but again, only if the specific acts in question are "probative of the [witness's] character for truthfulness or untruthfulness." The Advisory Committee Notes explain that Rule 609(a)(2) is generally limited to "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretenses," and similar crimes.

15

### C. Other "Bad" Acts

Cross-examination regarding prior bad acts that are not probative of truthfulness also should be barred pursuant to Rule 608(b) and Rule 611, as well as Rule 403. As noted above, pursuant to Rule 608(b) of the Federal Rules of Evidence, "except for criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *See also* Fed. R. Evid. 611 ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."). In addition to causing prejudice, cross-examination of this type may also confuse the issues or mislead the jury, as well as cause delay. Fed. R. Evid. 403.

Consistent with the Federal Rules of Criminal Procedure and past precedent, courts have excluded cross-examination into prior alleged bad acts of witnesses, including even allegations of violence. *See, e.g., United States v. Holt,* 486 F.3d 997, 1001-02 (7th Cir. 2007) (defendant correctly prohibited from cross-examining an officer based on his thirty-day suspension from police force for conduct not relevant to issue of truthfulness); *United States v. Miles*, 207 F.3d 988, 994 (7th Cir. 2000) (court "correctly refused" to let defendant cross-examine a witness regarding his oversight in failure to register a gun because it did not "implicate fraud, deceit, or dishonesty."); *United States v. Henderson*, No. 11 CR 74, 2012 WL 698796, at *2 (N.D. Ill. Mar. 1, 2012); *United States v. Tate*, 633 F.3d 624 (8th Cir. 2011) (disallowing allegation of assault as "not probative of [the witness]'s character for truthfulness");

16

*United States v. Apperson*, 441 F.3d 1162, 1195-96 (10th Cir. 2006) (evidence of witness's involvement in drug operation not proper impeachment under Rule 608(b)); *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("[W]hether or not [the witness] ever sold drugs is not probative of his truthfulness[.]").

So that the Court can make the appropriate rulings, before a witness testifies, and outside the presence of the jury, defense counsel should identify the prior "bad acts" about which they intend to cross examine a given witness and demonstrate how that conduct is probative of truthfulness. This procedure will ensure that any alleged bad acts are not improperly communicated to the jury before the Court has the opportunity to determine whether such alleged bad acts are the subject of proper impeachment.

### VIII. MOTION TO PRECLUDE ARGUMENT ABOUT MISSING WITNESSES

It is within the Court's discretion to prohibit argument by either side concerning missing witnesses not under the control of either side. *United States v. Sblendorio*, 830 F.2d 1382, 1394 (7th Cir. 1987). "The reasons for not calling witnesses are so many and so complex—from … concern about the witness's appearance and demeanor to concern about the content of the testimony to a belief that the witness would invoke the privilege against self-incrimination—that a full exploration could take the trial far afield." *Id.* "[W]hen the witness is equally available to both sides, the preferred practice is to preclude the [missing witness] argument rather than to leave the jury free to speculate about a lot of non-evidence." *United States v. Simpson*, 974 F.2d 845, 848 (7th Cir. 1992). "The traditional position, limiting comment by judge or counsel to a witness under the control of the adverse party … is sound." *Id.*

17

Therefore, the government requests that the Court prohibit defendant from introducing evidence about or arguing that any relevant inference can be drawn from the fact that additional witnesses did not testify.

Alternatively, if the Court allows defendant to introduce evidence or make any such argument regarding missing witnesses, the government seeks permission to respond to this argument appropriately. As the Seventh Circuit has held, ordinarily, a prosecutor may reply to "an argument by the defense that the absence of some witness counts against the prosecution" by pointing out that the defense has the same subpoena power as the government. *Sblendorio,* 830 F.2d at 1392-93.

### IX. MOTION TO PRECLUDE THE "GOLDEN RULE" ARGUMENT

The government respectfully moves this Court to preclude defendant from making a so-called "Golden Rule" appeal, *i.e.*, that the jury should place itself in his shoes. The Seventh Circuit held such arguments to be improper in *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989). *Teslim* involved an improper "Golden Rule" argument by the government. More recently, however, the Seventh Circuit held in *United States v. Roman*, 492 F.3d 803 (7th Cir. 2007) that "Golden Rule" arguments by the defense are equally objectionable. According to the court, "a 'Golden Rule' appeal in which the jury is asked to put itself in the defendant's position 'is universally recognized as improper because it encourages the jury to depart from the [position of] neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Id.* (quoting *Teslim*, 869 F.2d at 328); *see also, Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). Defendant should therefore be precluded from making such an argument to the jury.

18

## X. MOTION TO PRECLUDE ANY ARGUMENT OR EVIDENCE RELATING TO ALIBI OR UNAVAILABILITY, MENTAL DEFECT, OR PUBLIC AUTHORITY

Under the Federal Rules of Criminal Procedure, a defendant is required to provide the government with notice of: (1) any alibi or similar defense, including any defense asserting the defendant's unavailability on or near the dates named in the indictment (Rule 12.1); (2) any defense of a mental defect inconsistent with the state of mind required for the offense charged (Rule 12.2); and (3) any defense of public authority (Rule 12.3). Because defendant has not notified the government of his intent to raise any of these defenses, the government requests that he be prohibited from introducing evidence or argument of such defenses at trial.

## XI. MOTION TO PRECLUDE ARGUMENT OR EVIDENCE OF LAWFULNESS

The government respectfully moves this Court to preclude defendant from presenting evidence of, or making reference to, lawfulness, non-corrupt conduct, or prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with Federal Rule of Evidence 405(a).[5]

Defendant may seek to admit evidence that, on prior occasions, he acted in a lawful manner. He may further argue that, because he previously performed good acts, he could not have committed the charged offenses. "Evidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully

---

[5] Even evidence offered under Rule 405(a) cannot include specific instances of good conduct. Rather, such evidence is limited to a description of the subject's reputation or a brief statement of opinion. *See* Fed. R. Evid. 405, Advisory Committee Notes (stating that "testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.,* be confined to the nature and extent of observation and acquaintance upon which the opinion is based.").

19

on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012); *see also United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990); *United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence … through proof of the absence of criminal acts on specific occasions."); *United States v. Johnson*, No. 08 CR 466, 2011 WL 809194, at *4 (N.D. Ill. Mar. 2, 2011) ("[E]vidence of specific lawful acts of defendants is not properly introduced to show that defendants did not have the requisite intent to commit the crimes charged"). Thus, any evidence or argument regarding defendant's alleged prior good acts or non-corrupt behavior should be excluded.

## CONCLUSION

WHEREFORE, the government respectfully requests that this Court grant its "Consolidated Motions *in Limine*." In addition, the government requests leave of Court to file additional motions *in limine*, should the need arise as the parties continue to prepare for trial.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: *s/ Tobara S. Richardson*
TOBARA S. RICHARDSON
CHRISTINE M. O'NEILL
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 469-6305

Dated: September 20, 2019