UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| VS. | ) | CASE NO. 18 CR 495 |
| | ) | |
| | ) | Hon. Sara L. Ellis |
| IVAN PARKER | ) | |

## DEFENDANT IVAN PARKER'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE.

NOW COMES Defendant Ivan Parker, by and through his attorney, QUINN A. MICHAELIS, and files his response to the government's consolidated motions in limine. In support of his response, Mr. Parker States the following:

### BACKGROUND

The government in this case charges Mr. Parker with the robbery of an armed ATM technician on July 27, 2018 at a Chase Bank located at 3856 West 26th Street, Chicago, Illinois. On the date of the robbery, the driver of the Loomis truck that had transported the technician to the Chase Bank, went missing for at least a half hour directly after the robbery. The driver volunteered to take a polygraph examination relating to the events of the robbery, and the results shows that the driver was being deceptive about his role in the robbery. At some later date, the Loomis ATM technician was shown a photo array lineup and identified Mr. Parker as a person who "looked like" the person who robbed him, but he was not 100% sure of his identification. Less than one month later, the ATM technician was fired from

1

his position at Loomis because it was discovered that he had been stealing money from various ATMs that he serviced for at least one year. The government has indicated that it does not intend to call the Loomis truck driver as a witness against Mr. Parker, and has not yet decided as to whether to call the Loomis ATM technician as a witness against Mr. Parker. If the government intends to introduce evidence of the ATM technician's identification of Mr. Parker, this is a serious violation of Mr. Parker's Confrontation Clause rights and destroys his ability to cross examine one of the main witnesses in this case who has provided substantial and detrimental evidence against Mr. Parker that the government will not doubt use against him at trial Mr. Parker cannot explore this witness's motives, veracity, or reliability and is left without the ability to confront key witnesses against him.

1. Motion to Allow Missing Witness Argument

The government has asked this court to prevent Mr. Parker from making any arguments relating to their failure to call two witnesses who have been found to be untruthful specifically about their role in this offense, and their own theft of ATM funds. This court should deny the government's motion in limine regarding missing witness arguments, and allow Mr. Parker to argue and present evidence as to the absence of these two important witnesses. Failure to allow Mr. Parker to argue about missing witnesses will be unduly prejudicial.

a. This Court Should Admit Evidence About Two Missing Witnesses.

Preliminarily, Mr. Parker's right to confront witnesses is an essential part of a fair trial and is guaranteed by the Sixth Amendment's Confrontation Clause. *See*

2

*Pointer v. Texas*, 380 U.S. 400, 403-04 (1965). The Confrontation Clause bars "admission of testimonial statement of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross examination. *Crawford V. Washington,* 541 U.S. 36, 53-54 (2004). Evidence is "testimonial" when it is "made under circumstances which would lead an objective witness reasonably to believe that the statements would be available for use later at a trial." *United States v. Watson*, 525 F.3d 583, 589 (7th Cir. 2008) (quoting *Crawford*, 541 U.S. at 52).

Eyewitness identification by the victim could be nothing by "testimonial" for purposes of the Sixth Amendment, as they will necessarily be offered for the truth that the individual identified was the robber in this case. If the government intends to introduce the ATM technician's identification of Mr. Parker, it cannot do so through a law enforcement agent. Subsequently, if the government decides against calling the ATM technician as a witness and chooses not to introduce his testimony of the events of the robbery itself, fairness requires that Mr. Parker be allowed to comment on this witness's absence, as well as the Loomis driver's absence.

## CONCLUSION

Based on the foregoing Mr. Parker respectfully request that this Honorable Court deny the government's motion in limine baring the defense from making missing witness arguments.

Respectfully submitted,

/s/Quinn A. Michaelis
Quinn A. Michaelis

Attorney for IVAN PARKER
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I electronically filed the above

DEFENDANT IVAN PARKER'S RESPONSE TO GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on October 21, 2019.

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney for IVAN PARKER
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920