IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 18 CR 495 |
| v. | ) | Honorable Sara Ellis |
| | ) | |
| IVAN PARKER, | ) | |
| Defendant. | ) | |

## MOTION FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL

NOW COMES the Defendant, IVAN PARKER, by and through his attorney, QUINN A. MICHAELIS, and pursuant to Rule 29 and 33 of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment of the United States Constitution, respectfully moves this Honorable Court to enter an order granting him a judgment of acquittal, or alternatively for a new trial. In support of this motion, the following is offered:

I.  INTRODUCTION

Mr. Parker was charged with one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). In essence, Mr. Parker was charged with robbing a Loomis ATM technician as he was serving an ATM in the vestibule of a Chase Bank located at 3856 West 26th Street, Chicago, Illinois. The indictment alleged that this event occurred on July 27, 2018 and that $106,000 in cash was stolen during the robbery.

Mr. Parker's trial took place before this Court on November 4, 2019 through November 6, 2019. During the government's case-in-chief, the government presented testimony from the investigating agents, the ATM Technician, Mr.

1

Parker's landlord, Mr. Parker's girlfriend's brother's ex-fiancé, among others. After the government rested, Mr. Parker orally moved this Court for a judgment of acquittal pursuant to Fed. R. Evid 29(a), arguing that the government had failed to present sufficient evidence to allow a reasonable, rational jury to convict Mr. Parker beyond a reasonable doubt. This motion was denied by the Court.

After deliberating, the jury returned a verdict finding Mr. Parker guilty of the single count contained in the indictment. Following the return of the verdict, counsel for Mr. Parker asked the Court for an extension of time for the filing of these pretrial motions, and the Court graciously granted this requesting, setting the date for filing on December 23, 2019. Now, Mr. Parker renews his motion for judgment of acquittal pursuant to Rule 29 because the evidence at trial was insufficient to sustain the guilty verdict returned against him. Alternatively, Mr. Parker requests a new trial. Before and during the trial, Mr. Parker filed motions and raised legal issues. The court ordered responses from the government and ruled after consideration of these arguments. Mr. Parker does not intend, through this motion, to reargue legal issues that have been considered by this court, however Mr. Parker does not abandon or waive the positions he has taken throughout this litigation. With respect to each of the following points, Mr. Parker incorporates herein by reference all arguments made in open court, at sidebar, and in previous memorandum submitted to the Court.

II.     Mr. Parker is Entitled to a Judgment of Acquittal

Pursuant to Rue 29 of the Federal Rules of Criminal Procedure, Mr. Parker respectfully moves for a judgment of acquittal. Rule 29 instructs that upon a defendant's motion, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. A sufficiency of the evidence challenge requires this Court determine if the evidence, viewed in the light most favorable to the government, could support the defendant's conviction. *United States v. Longstreet*, 567 F.3d 911, 918 (7th Cir. 2009). If the government failed to prove even one element of the crime charged beyond a reasonable doubt, a judgment of acquittal must be entered. *United States v. Kitchen*, 57 F.3d 516, 523 (7th Cir. 1995) (reversing conviction where government failed to prove element of the crime.)

The jury's decision may not be based on impermissible inferences and mere speculation. *United States v. Mohamed*, 759 F.3d 978, 810 (7th Cir. 2014); *see also United States v. Sanchez*, 615 F.3d 836, 845 (7th Cir. 2010)(jury verdict overturned where verdict rested solely on the "piling of inferences upon inferences."). The government's presentation cannot be based on "conjecture camouflaged as evidence." *Piaskowski v. Bett,* 256 F.3dd 687, 693 (7th Cir. 2001). A judgment of acquittal is required when "the record is devoid of evidence pointing to guilt," or "evidence on a key element is "so tenuous that a conviction would be shocking."

To convict Mr. Parker, the government was required to prove (1) that Mr. Parker knowingly obtained money from the victim; (2) that Mr. Parker did so by means of a robbery; (3) that Mr. Parker believed that the victim parted with the

3

money because of the robbery; and (4) that the robbery affected interstate commerce.

Most of the facts surrounding the robbery itself are undisputed. A robbery occurred at that the Chase bank located 3856 West 26th Street, Chicago, Illinois. After the robbery, investigating agents collected video footage tracking the path the robber took after fleeing the Chase Bank vestibule. Those agents eventually tracked this individual to 4246 W. Cermak. The landlord of that building, Yousef Khan, testified that when he was interviewed by investigating agents, they showed him a photograph, which he identified as Ivan Parker. Khan was the only witness at trial who connected the person who fled from the Chase Bank vestibule on July 27, 2018 with Ivan Parker. Without Khan's testimony, the government necessarily fails to establish guilt beyond a reasonable doubt.

When Khan was asked on direct examination about his identification, he stated that he did not believe that Government's Exhibit 44 was the photograph he was shown when he identified Ivan Parker to law enforcement. Government's Exhibit 44 was a still image from surveillance video that agents recovered while investigating the path of the Chase bank robber after the robbery. Khan testified that he was shown *an image* but that he could not recall if Government's Exhibit 44 was that image. Later during cross examination, Khan continued to assert that he could not recall what image he was shown when interviewed by investigating agents, only that he was shown an image of Mr. Parker. Clearly, if Khan was shown some other photograph of Mr. Parker, and not one of the robber as he was

4

fleeing the Chase bank, then the government did not meet their burden beyond a reasonable doubt.

If a prior consistent statement satisfies the relevancy requirement under Fed. R. Evid. 401, it must further satisfy the requirements of Rule 801. Under Fed. R. Evid 801(d)(1)(C), a prior statement is not hearsay and is admissible, if the declarant "testifies at trial…subject to cross-examination concerning the statement and the statement is…one of identification of a person after perceiving the person." Rule 801 applies in situations where a "a prior statement of identification made by a witness who 'identified the defendant in a lineup or photospread, but forgets, or changes his testimony at trial.'" *United States v. Foster*, 652 F.3d 776 (7th Cir. 2011) *quoting United States v.* O'Malley, 796 F.2 891, 898-99 (7th Cir. 1986). Here, Khan did not testify that he never identified Mr. Parker. Instead, Khan did not remember what he was shown to make his initial identification. Mr. Khan's identification testimony was never inconsistent, and as such, Fed. R. Evid 801(d)(1)(C), does not apply. Instead, the government attempted to shoehorn Mr. Khan's inability to remember the photograph he was originally shown into Rule 801(d)(1)(C) to allow Agent Gourley to testify that the photograph Khan was shown was taken from a surveillance video on the day of the robbery. Again, if the government had failed to introduce evidence that the Khan had identified the person in the surveillance footage as Ivan Parker, no reasonable jury would conclude beyond a reasonable doubt that it was Ivan Parker who committed the

robbery. As such, this Court must enter a judgment of acquittal as to the sole count in the indictment.

III. Ivan Parker Is Entitled To A New Trial

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, Mr. Parker respectfully moves for a new trial. A court may grant a new trial "if the interest of justice so requires." Fed.R.Crim.P. 33(a). In making the determination whether to grant a new trial, the Court "must consider the weight of the evidence, and must grant a new trial if "the complete record…leaves a strong doubt as to the defendant's guilt, even though not so strong as a doubt as to require a judgment of acquittal, the district judge may be obligated to grant a new trial." *United States v. Morales*, 910 F.2d 467 (7th Cir. 1990).

In an effort to avoid repetitiveness, Mr. Parker incorporates and re-alleges the facts and arguments set forth in the above motion for judgement of acquittal, as well as any and all arguments raised in motions and memorandum, and any argument made on the record in this case. These errors, individually and cumulatively, coupled with the lack of substantial evidence, jeopardized Mr. Parker's rights and require a new trial.

The Court erred in denying Mr. Parker's pretrial motions to suppress, which allowed the government to introduce at trial the bulk of the evidence against Mr. Parker. Mr. Parker continues to adopt and reassert the arguments and law cited in those pretrial filings.

6

When taken together with the motions and objections made through the course of trial, the limited evidence presented by the government to support the guilty verdict, a new trial is required in the interest of justice. *See* Fed. R. Crim. P. 33. While these trial errors taken in isolation may be harmless, "when aggregated, alter the court of a trial so as to violate a petitioner's right to due process of law." *Alvarez v. Boyd*, 225 F.3d 820, 824 (7th Cir. 2000); *citing Taylor v. Kentucky*, 436 U.S. 478, 487 . 15 (1978).

The jury was presented with multiple photographs of items, many of which were purchased on unknown dates. Other items that were found in the apartments, purchased after the robbery, were purchased by unknown individuals. This, coupled with the only material witness being unsure as to what picture he based his identification from warrant the need for a new trial. Even if these errors taken alone ware insufficient to warrant a new trial, taken together along with all other arguments made before and during trial, require a new trial.

WHEREFORE, for the reasons stated above, IVAN PARKER respectfully requests this honorable Court enter a judgment of acquittal, or alternatively, order a new trial.

Respectfully Submitted,

s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney for Ivan Parker
73 W. Monroe, Suite 106.
Chicago, IL 60603
312-714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019 I electronically filed the above

## MOTION FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on December 23, 2019.


By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney For IVAN PARKER
73 W. Monroe, Suite 106

Chicago, Illinois 60603
312-714-6920